**DAYTON NEWSPAPERS, INC., d/b/a The Dayton Daily News, Plaintiff-Appellant,**

v.

**Herbert W. STARICK et al., Defendants-Appellees.**

**No. 16032.**

United States Court of Appeals Sixth Circuit.

May 20, 1965.

John O. Henry, Dayton, Ohio, for appellant, Chester E. Finn, Dayton, Ohio, on the brief, Estabrook, Finn & McKee, Dayton, Ohio, of counsel.

W. Erwin Kilpatrick, Joseph P. Duffy, Asst. City Attys., Dayton, Ohio, for appellees, Herbert S. Beane, City Atty., Dayton, Ohio, on the brief.

Before MILLER, O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

Appellant, publisher of The Dayton Daily News, appeals from dismissal on motion of its complaint charging deprivation of its civil rights by defendants, police and other municipal officers of the City of Dayton, Ohio. The complaint charged that one of appellant's news reporters was sent to the scene of a major fire in downtown Dayton, and that the police there on duty discriminatorily denied such reporter access to the public streets in the vicinity of the fire; that acting under color of specified ordinances of the City of Dayton and an Ohio statute, police officers of Dayton "illegally, unlaw-

fully and in violation of the constitutional rights of the Plaintiff guaranteed to it by Amendment I of the Constitution of the United States of America, denied Reporter Kennedy access to the streets of the City of Dayton, Ohio, in the vicinity of the fire for the purpose of covering and reporting the fire." The complaint further charged that the said police officers denied plaintiff its constitutional rights under the First Amendment "by unlawfully, illegally and under color of law, forcefully removing Reporter Kennedy from the scene of the fire, * * * thereby denying Plaintiff's reporter the opportunity to cover and report the fire." The complaint also appears to allege that a conspiracy existed between named police officers, the Dayton City Manager, its Safety Director, its Law Director and its Chief of Police whereby they were threatening prosecution of said reporter Kennedy under the specified ordinances and statute for using the public streets of Dayton, Ohio; and that the charged denial of use of the public streets of Dayton to the said reporter Kennedy and his removal from the scene of said fire were discriminatory in that a reporter and photographer of a competing news medium of said city were allowed to use the same streets and public ways that were denied to the plaintiff's reporter.

The District Judge granted defendants' motion to dismiss, stating that "Plaintiff has no standing to maintain this suit since it is not the real party in interest," and that "Plaintiff has no standing to sue for deprivation of the civil rights of another person," and likewise that "the facts as alleged in the complaint show no actual controversy between plaintiff and defendants as required by Title 28 U.S.C.A. § 2201."

While the complaint was indeed lacking in nicety and specificity of factual allegation, we read it as charging that defendants denied the plaintiff newspaper the right to have its agent-reporter enter upon the public streets in the vicinity of the fire for the legitimate purpose of gathering news for publication and that without excuse or need therefor, and

while allowing other reporters the privilege of using such public ways, defendants discriminatorily removed plaintiff's reporter therefrom.

We do not construe the complaint as merely a suit to redress the civil rights of plaintiff's reporter, but rather as an effort to vindicate its right as a newspaper to gather news for publication without discrimination or uncalled for interference. In their address to this Court, defendants assert the authority of police officers to restrict the use of the streets for reasons of public safety during a fire and intimate that plaintiff's reporter refused to comply with police orders. Certainly police officers have such authority and newspaper reporters would be subject to it. That the plaintiff's reporter deserved the treatment he got may be established upon trial. This probability could not be assumed, however, in considering defendants' motion to dismiss which admitted the well pleaded allegations of the complaint. We are of the opinion that the motion to dismiss should have been denied and the cause put at issue for trial.

The judgment of the District Court is reversed.